**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 4, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

––––––––

No. 04-10302
Summary Calendar

––––––––

OSCAR JEROME BARRETT,

                                        Plaintiff-Appellant,

versus

JOHN D. KOCHER, ET AL.,

                                        Defendants,

DALLAS COUNTY,

                                        Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas, Dallas
No. 3:01-CV-155-K
- - - - - - - - - -

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Oscar Jerome Barrett appeals the district court's order granting the motion for summary judgment filed by defendant-appellee Dallas County ("County"). Barrett's *pro se* civil rights suit against the County, Sheriff's Department employee John Kocher, and Sheriff Jim Bowles stems from an episode in the County jail that occurred while Barrett was being processed after he was arrested for a traffic violation. Barrett alleges that after asking to be placed in a single cell, Kocher became angry and attempted to twist Barrett's arm behind his back and to throw him to the ground. Several additional officers arrived and forced Barrett to the floor. Barrett, who was wearing cuffs on his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

wrists and ankles, avers that he was completely immobilized by the other officers as Kocher repeatedly punched and kicked him. Barrett sustained swelling to his forehead and his left eye.

Barrett sued the County, and Kocher and Bowles, in their official capacity, under 42 U.S.C. § 1983. A governmental entity or municipality, as well as officers thereof acting in their official capacity, can be held liable under § 1983 only if an official policy or custom caused the deprivation of a constitutional right. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Brooks v. George County, Miss.*, 84 F.3d 157, 165 (5th Cir. 1996). An official policy consists of, among other things, a policy statement or regulation that is officially adopted and promulgated by the municipality's lawmaking officers. *See Williams v. Kaufman County*, 352 F.3d 994, 1013 (5th Cir. 2003). An official policy also includes a "persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted or promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Fields v. City of S. Houston*, 922 F.2d 1183, 1191–92 (5th Cir. 1991) (internal quotation marks and citation omitted). In narrow circumstances, even a single incident can establish an official policy "where the facts giving rise to the violation are such that it should have been apparent to the policymaker that a constitutional violation was the highly predictable consequence of a particular policy or failure to train." *Burge v. St. Tammany Parish*, 336 F.3d 363, 373 (5th Cir. 2003), *cert. denied*, 540 U.S. 1108 (2004); *see also Board of Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 404–07 (1997).

In support of their summary judgment motion, the defendants submitted an affidavit of Sheriff Bowles, who attested that he had a policy and practice that prohibited the use of excessive force against pretrial detainees, that such policy was communicated to his officers during their initial training and was reinforced in on-the-job training, and that Bowles was unaware of any deficiency in his policy and practice. Immediately following the incident, Kocher was the subject of an Internal Affairs investigation regarding the beating and reprimanded for his actions. Kochner resigned from his position with the County.

In response to the defendants' summary judgment motion, Barrett countered with an affidavit from fellow pretrial detainee Robert James Fox, who attested that he had witnessed Barrett's beating,

that he had been beaten several times himself while a detainee at the County jail, and that he had witnessed beatings of other inmates.

Although Fox's affidavit was apparently intended to show that County jail officers engaged in a widespread, persistent practice or custom of using excessive force, the district court did not err in concluding that the affidavit was insufficient to sustain Barrett's summary judgment burden. In the affidavit, Fox failed to describe his injuries or identify his attackers. He failed to identify the dates of attacks on other inmates, the names of their attackers, or the circumstances of such attacks. The conclusory statements in Fox's affidavit were not sufficient to qualify as "specific facts" to establish that a material fact existed as to whether an official policy or custom led to his injuries. *See, e.g., Marshall v. E. Carroll Parish Hosp. Serv. Dist.,* 134 F.3d 319, 324 (5th Cir. 1998) (and citations therein); *Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997); *see also* FED. R. CIV. P. 56(e). Accordingly, we AFFIRM the order of the district court granting the defendants' motion for summary judgment.

Barrett's motion to supplement the record on appeal with a videotape showing his beating is DENIED as unnecessary. The defendants do not dispute whether excessive force was used against Barrett. The only issue on appeal is whether municipal liability exists for the incident. Summary judgment was properly granted.

AFFIRMED; MOTION DENIED.